UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                    No. 03-4220

DARRELL SPENCE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, Chief District Judge.
(CR-02-151)

Submitted: October 3, 2003

Decided: October 16, 2003

Before WIDENER, WILLIAMS, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Ojeda, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Darrell Spence pled guilty to possession of cocaine with intent to distribute (Count One) and possession of MDMA (Ecstasy) with intent to distribute (Count Four), both in violation of 21 U.S.C. § 841(a) (2000), and was sentenced to a term of ninety-seven months' imprisonment. Spence appeals his sentence, arguing that the district court clearly erred in finding that he was a manager or supervisor under *U.S. Sentencing Guidelines Manual* § 3B1.1(b) (2002). We affirm.

Spence was one of a group of more than five people who cooperated in buying cocaine from a source in North Carolina and in transporting it to West Virginia for sale. Different persons made the trip to North Carolina on numerous occasions to buy cocaine for the group. Spence also sold marijuana and MDMA. After Spence and his girlfriend, Launa Turner, were arrested, Turner told investigators that Spence had delegated to her the responsibility for handling the proceeds of drug transactions. At Spence's sentencing hearing, however, Turner testified that she handled the money because she decided on her own to do so, not at Spence's direction. Turner also testified that she accompanied Spence to North Carolina to purchase drugs. She agreed that, shortly before she and Spence were arrested, she had moved a backpack containing an ounce of cocaine, two pounds of marijuana, hydrocodone and MDMA pills, and $28,600 in cash from the house she shared with Spence to her mother's house because Spence told her to take it there.

Guideline section 3B1.1(b) provides for a three-level adjustment for a defendant who "was a manager or supervisor (but not an organizer or leader)" in a criminal activity involving five or more participants. The adjustment may be made if the defendant managed or supervised at least one other participant. *United States v. Bartley*, 230

F.3d 667, 673 (4th Cir. 2000). The district court's determination that a role adjustment is warranted is reviewed for clear error. *United States v. Sayles*, 296 F.3d 219, 224 (4th Cir. 2002).

We are satisfied that the district court did not clearly err in making the adjustment. There was no evidence that Turner acted independently of Spence within the informal drug organization; there was evidence that she accepted his direction when he told her to do something. Thus, although she testified at sentencing that she decided on her own to take possession of the drug proceeds because the money was just lying around in their house, it is permissible to infer that she handled the money only with Spence's assent. In addition, it is beyond dispute that Spence brought Turner into the drug conspiracy.

Spence argues that the government did not show that he exercised control over Turner in the sense that she felt compelled to take orders from him, as opposed to doing a favor for the man with whom she lived. However, despite the personal relationship between Spence and Turner, the circumstances indicate that she accepted direction from him with respect to the drug dealing enterprise they conducted in order to support themselves. The fact that she apparently accepted direction willingly, rather than from fear of adverse consequences, does not detract from Spence's supervisory position in relation to her.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*